# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**CHARLES N. HARE,**
**Claimant Below, Petitioner**

**FILED**

October 10, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 16-1152** (BOR Appeal No. 2051377)
(Claim No. 2010134473)

**MURRAY AMERICAN ENERGY, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Charles N. Hare, by Mikel R. Kinser, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Murray American Energy, Inc., by James W. Heslep, its attorney, filed a timely response.

The issue on appeal is the proper time period for payment of temporary total disability benefits. On September 11, 2015, the claims administrator granted temporary total disability benefits for the period from May 2, 2010, through May 31, 2010. The Office of Judges reversed the claims administrator in its June 13, 2016, Order and granted temporary total disability benefits for the period from May 2, 2010, through April 29, 2012. The Order was modified by the Board of Review on November 10, 2016. The Board modified the Order to grant temporary total disability benefits for the period from May 2, 2010, through November 9, 2010. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Charles N. Hare, a coal miner, injured his left knee on May 1, 2010. He underwent a left arthroscopic medial meniscectomy on July 12, 2010. Mr. Hare started physical therapy on August 11, 2010, when he reported having problems with weight bearing activities, specifically ascending and descending stairs. His goal was to return to his pre-injury level of functioning. Mr. Hare's last physical therapy appointment was on November 9, 2010. At that time, he was reporting no major issues.

A January 18, 2011, letter to Mr. Hare from a representative from the UMWA Health and Retirement Funds Eligibility Services shows that his application for a retirement pension had been approved. He was provided a check that represented payments from June of 2010 through January of 2011.

After litigation, the claims administrator held the claim compensable for a torn medical meniscus of the left knee on February 29, 2012. Sushil Sethi, M.D., performed an independent medical evaluation on March 28, 2014. Mr. Hare provided a history of getting out of a mantrap when he felt sudden pain and pop in his left knee. He complained of pain in the knee area with heavy exertion and on squatting or bending too much. Dr. Sethi noted the surgery for the knee was successful with no complications. Mr. Hare had retired and was not working. Dr. Sethi opined Mr. Hare had reached maximum medical improvement and assessed 4% whole person impairment.

On September 11, 2015, the claims administrator granted temporary total disability benefits for the period from May 2, 2010, through May 31, 2010. The claims administrator ended the benefits on May 31, 2010, as information from the employer showed Mr. Hare retired as of June 1, 2010. The Office of Judges reversed the claims administrator's decision and granted temporary total disability for the period from May 2, 2010, through April 29, 2012.

The Office of Judges determined that, at fifty-eight years old at the time of the injury, "it is presumed that the claimant did not intend to retire at that time". It also found that Mr. Hare filed the claim prior to filing for retirement benefits. Therefore, the Office of Judges found that Mr. Hare suffered a compensable injury that made him retire. It then relied on West Virginia Code of State Rules §85-1-5.2 (2006), finding that Mr. Hare was entitled to the statutory maximum of 104 weeks of temporary total disability benefits. The Office of Judges went on to state that there was no indication that anyone found Mr. Hare had reached maximum medical improvement until he was examined by Dr. Sethi on March 28, 2014. Therefore, Mr. Hare was entitled to temporary total disability benefits for the period from May 2, 2010, through April 29, 2012.

The Board of Review found the analysis and conclusions of the Office of Judges were clearly wrong in view of the reliable, probative and substantial evidence on the whole record. It found Mr. Hare participated in numerous physical therapy sessions from August 25, 2010, through November 9, 2010, and there was no evidence showing Mr. Hare remained temporarily and totally disabled after November 9, 2010. The Board of Review found Mr. Hare was entitled to temporary total disability benefits for the period from May 2, 2010, through November 9, 2010, and modified the Office of Judge's, Order accordingly.

After review, we agree with the Board of Review. The Office of Judge's presumption that Mr. Hare suffered a compensable injury that made him retire is not supported by the evidence. The evidentiary record is void of testimony in that regard. The Board of Review relied on the physical therapy records in determining the date that temporary total disability benefits should be terminated. The last documented treatment note is November 9, 2010, when Mr. Hare reported

no major issues. Ideally, the evidence would have included physician testimony establishing the date of maximum medical improvement and/or the date upon Mr. Hare could have returned to work, as well as Mr. Hare's own testimony regarding his ability to work. The Board of Review's decision is supported by a preponderance of the evidence.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  October 10, 2017**

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker